UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAYLON TESLAA, *et al.*, | Case No.  2:25-cv-2685-DC-JDP (PS) |
| Plaintiffs, | |
| v. | ORDER |
| VEREUCK PROPERTIES LLC, *et al.*, | |
| Defendants. | |

Plaintiffs brought their complaint in the Southern District of New York, and, on September 3, 2025, it was transferred to this district.  ECF No. 4.  Pending are plaintiffs' motion for removal and sanctions, ECF No. 7, and the motion to dismiss, ECF No. 10, filed by defendant County of Mono ("defendant").[1]  After review of the pleadings, I will grant defendant's motion and dismiss the complaint with leave to amend.  Additionally, I will necessarily deny plaintiffs' motion for removal and sanctions.  Finally, plaintiff will be ordered to show cause why all defendants, with the exception of County of Mono, should not be dismissed for failure to timely serve them.

---

[1] Other defendants are named in the complaint but, as yet, only the County of Mono has been served and has made an appearance.

1

**Motion to Dismiss**

### I.    Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co.*, 710 F.3d at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

### II.    Analysis

Defendant raises two arguments in its motion to dismiss, both of which have merit.  First, it argues that the complaint fails to identify specific instances of tortious or unconstitutional activity allegedly perpetrated by defendant.  Second, defendant argues that multiple plaintiffs appear to be business entities that have failed to sufficiently identify themselves to allow for pro per representation.  Plaintiffs' complaint shall be dismissed with leave to amend so that they may remedy these deficiencies, if they can.

A. Failure to Identify Specific Instances of Wrongful Conduct

Defendant correctly argues that the complaint fails to satisfy federal pleading standards. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must allege facts sufficient to provide both "fair notice" to a defendant of the particular claim being asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) (citation omitted). Plaintiffs have failed to do that here. As defendant points out, the complaint alleges that it has engaged in "an ongoing pattern of politically motivated retaliation, fraudulent legal proceedings, and the refusal and neglect to uphold constitutional duties and protections under color of state law." ECF No. 1 at 1-2. Plaintiffs assert thirty-five causes of action in conjunction with these formulaic allegations but never explain how each cause of action attaches. It is well settled that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555.

B. Pro Se Litigation by Business Entities

The complaint, despite purporting to be filed on behalf of numerous plaintiffs, including a "foreign nation" and the "Better Medicine Naturally Foundation," is signed only by an individual named Eldad-Zebulun Yirmeyah-Rapha. ECF No. 1 at 12. This individual does not indicate that he is an attorney licensed in this district and, thus, may represent only himself. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Plaintiffs are advised that all claimants must sign any amended complaint.[2]

**Motion for Sanctions**

Plaintiffs' motion for sanctions is denied. Therein, they request that I sanction and enforce jurisdiction on the Mono County Superior Court. ECF No. 7 at 1-2. They claim that the state superior court wrongfully refused a "notice of removal" that they attempted to file therein. *Id.* at 2. This motion is denied. There is no indication that any action was removed to this court from state court. As noted above, plaintiffs filed this case in New York federal court, and it was

---

[2] I note that plaintiffs have filed an "addendum" to the complaint that also is only signed by Eldad-Zebulun Yirmeyah-Rapha.

3

transferred to this federal court.  Moreover, plaintiffs have failed to offer any specifics, including copies of the state court docket that would allow me to determine what has transpired, or is transpiring, in state court that may relate to this action.

### Order to Show Cause

Plaintiffs filed this action in August 2025.  To date, only defendant County of Mono has appeared, and plaintiffs have not filed proofs of service demonstrating that the other defendants were properly served.  *See* Fed. R. Civ. P. 4(l).

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id*.  Although a pro se litigants are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute "good cause" for failing to timely effect service.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service); *see also* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").  Accordingly, plaintiffs will be ordered to show cause why the non-appearing defendants should not be dismissed for failure to complete effect service.

### Conclusion

Accordingly, it is ORDERED that:

1.  Plaintiffs' motion for sanctions, ECF No. 7, is DENIED.

2.  Defendant's motion to dismiss, ECF No. 10, is GRANTED.

3.  Plaintiffs' complaint, ECF No. 1, is DISMISSED with leave to amend within thirty days of this order's entry.

4. Plaintiffs shall show cause within fourteen days from the date of this order why this action should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).

5. Plaintiffs are warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for failure to effect services of process.

6. Failure to file an amended complaint within that deadline will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    February 6, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5